The opinion of the court was delivered by
JDeBlanc, J.
On the 20th of December, 1878, D. C. Hardee, the executor of the last will of S. O. Rhea, filed — in the parish court of East Feliciana — the final account of his administration of the succession of said deceased, the whole of which was absorbed by exclusively those of its creditors, whose claims were secured by mortgages and privileges.
On the 20th of December, the clerk of the parish court prepared a notice which — on the 21st — was published as prepared, and in which— instead of D. 0. Hardee — D. 0. Harden is represented as having filed the final account of his administration of the succession of S. O. Rhea.
On the 7th of January 1879, the account thus filed by D. 0. Hardee was homologated by a decree of the parish court, which appears to have been rendered, and which was signed at that date. During the term at which said decree was rendered and signed, but fourteen days thereafter —on the 21st of January — William R. McKewen, a creditor of the deceased, whose acknowledged claim is not carried in the homologated account, moved for a new trial of the case, on the grounds :
1. That — as required by law — notice of the filing of the executor’s account, was not published during ten days.
2. That, if any notice was published during the required term, it was insufficient in form.
3. That there was no legal proof that the notice of the filing of said account has ever been published.
4. That the parish judge, who rendered the judgment of homologation, was placed on the executor’s account as a creditor of the sue- *324 cession, and that, being personally interested, he was incompetent to render that judgment.
The applicatioft for a new trial was overruled, and McKewen appealed. He urges, here, and against the validity of the decree of homologation, the■ identical objections which he urged in the lower court. Such as it is, that appeal is before us.
The appellant did not oppose the executor’s account, nor does he now even allege that any one of the claims thereon classed is incorrect in amount or inferior in rank to his own; but he is a creditor of the estate, this is acknowledged; and though — from his own pleadings and the vouchers introduced in evidence — he can, it seems, derive no advantage from the reversal of the decree which he assails, we are, nevertheless, constrained to reverse it.
That decree is invalid, and for only one reason : the parish judge was — apparently—interested in the matter upon which he passed. It is true that his claim against the estate was not carried in the executor’s account as due, but as paid — that his satisfied claim, which appears to be as reasonable as just, was a privileged one- — that it was not and — in all probability — -shall never be contested ; but the judge had, however, to decide, or rather to recognize that it had been properly paid, and — to so decide or recognize — -he had to do that which — when personally interested — the judge is — by an imperative clause of the constitution— commanded not to do.
The decree of a court should be, not only impartial, but no pretext should — as a stepping-stone — be allowed to stand between its impartiality and even the most unreasonable suspicion — for, as well said, praise is without feet and the wings of blame are swifter than the winds.
We.entertain no doubt that — in this case — -the parish judge felt as disinterested as we do, and — were it not for the constitutional prohibition already referred to, and the apprehension of establishing a dangerous precedent, one which — hereafter—-might be invoked by less disinterested judges, we would not hesitate — with the evidence now before us-— to concur in the decree rendered by the parish court: but, in the proceedings instituted by the executor, and on which he — the executor — was a plaintiff, the parish judge was one of the defendants, and he should have called upon his colleague of the district court, to try and determine the tacit issues created by the institution of those proceedings.
It is — therefore—ordered, adjudged and decreed that the judgment appealed from is annulled, avoided and reversed, and this cause remanded to the lower court, to be proceeded with according to the views herein expressed and according to law: the costs of the appeal to be paid by the succession of S. O. Rhea.